USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA        :
                                :       22-CR-57 (VEC)
        -against-               :
                                :       ORDER
BRIAN O'NEILL,                  :
                    Defendant.  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 8, 2023, Mr. O'Neill ("Defendant") was sentenced principally to a term of imprisonment of nine years following his plea of guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1343, Judgment, Dkt. 73;

WHEREAS Defendant's nine-year sentence was within the applicable Guidelines range of 108 to 135 months' imprisonment, *see id.*; Supplemental Presentence Investigation Report ("SPSR"), Dkt. 87;

WHEREAS on August 2, 2024, Defendant moved to reduce his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Motion"), *see* Mot., Dkt. 92, which went into effect on November 1, 2023, and which applies retroactively, *see* U.S.S.G. §§ 1B1.10, 4A1.1(e), 4C1.1;

WHEREAS the Government responded to the Motion stating that it did not oppose a short reduction in Defendant's sentence, Response, Dkt. 94 at 3;

WHEREAS Defendant's deadline to file a reply was September 20, 2024, Order, Dkt. 91, but, to date, no reply has been filed;

WHEREAS the United States Probation Department reported that Defendant is eligible for a sentence reduction, *see* SPSR at 3;

1

WHEREAS, as a result of Amendment 821, Defendant's Guidelines range decreased to 87 to 108 months' imprisonment, *see id.*;

WHEREAS Defendant's sentence of nine years, or 108 months, remains within the newly-applicable Guidelines range; and

WHEREAS Defendant urges the Court to exercise its discretion to reduce his sentence to the bottom of the new range because (a) he presented mitigating factors, such as his purportedly difficult childhood, at his initial sentencing, (b) he represents that he has an exemplary post-sentencing record, embracing training programs and work opportunities at FCI Cumberland and has a clean disciplinary record, (c) an earlier release would allow him to assist his wife in taking care of their two sons, and (d) a reduced sentence, in his view, would be consistent with overall sentencing goals;

IT IS HEREBY ORDERED that Defendant's Motion is DENIED.  Although Defendant is eligible for a sentence reduction under Amendment 821, whether to grant a reduction is committed to the Court's discretion.  U.S.S.G. § 1B1.10, Background; *see also United States v. Smerling*, No. 21-CR-317, 23-CV-3988, 2024 WL 1208908, at *2 (S.D.N.Y. Mar. 21, 2024) (quoting *United States v. Brooks*, 891 F.3d 432, 436 (2d Cir. 2018)) ("Even when a defendant is eligible for a reduction, 'a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2).'"); *United States v. Sierra*, No. 11-CR-1032-01, 2024 WL 1075408, at *2–3 (S.D.N.Y. Mar. 12, 2024) (denying a sentence reduction despite defendant's eligibility given the severity of defendant's crimes); *United States v. Ogbuokiri*, No. 20-CR-3-4, 2024 WL 3026559, at *9 (S.D.N.Y. June 17, 2024) (denying a sentence reduction despite defendant's eligibility as the original sentence fell within the amended Guidelines and remained appropriate given the nature of defendant's crimes); *United States v. Vela*, No. 20-CR-607, 2024 WL

1621109, at *1 (S.D.N.Y. Apr. 15, 2024) (citing *United States v. Hilliard*, No. 22-CR-82, 2024 WL 1193606, at *2 (S.D.N.Y. Mar. 20, 2024)) (denying a sentence reduction despite defendant's eligibility because the Court "did not base [its] sentence on the Guidelines range itself . . . [but] [r]ather, it based the sentence on the Section 3553(a) factors").

The Court thoroughly considered the Section 3553(a) factors when imposing its sentence, including Defendant's asserted need to assist his wife in caring for his sons who have ADHD. Sentencing Tr., Dkt. 70 at 46:18–23 ("I feel bad for your family, but your family is better able to deal with this than 99.9 percent of the families of defendants that we see in this court. . . . So I feel bad for them, but that cannot be a reason not to impose a reasonable sentence on you."). Defendant embezzled large sums of money, over $8 million, from clients who trusted him to hold their funds in escrow. *Id.* at 41:6–15. Further, he refused to accept responsibility for his crimes and repeatedly lied to various courts. *Id.* at 11:20–12:19; 46:4–7 (noting that Defendant "engaged in massive obstruction of the legal system" and "lied and lied and lied"). The Court did not, as Defendant argues, fashion a sentence predicated on it being at the "bottom of the applicable Guidelines range." *See* Mot. at 12. The Court's analysis of the Section 3553(a) factors remains unchanged regardless of Amendment 821. Defendant's sentence is appropriate in light of the Section 3553(a) factors and falls within the adjusted Guidelines range; a reduced sentence would not adequately address the Section 3553(a) factors given Defendant's criminal conduct and the actions he took after getting caught.

The Court recognizes that Defendant represents that he has behaved in prison and has participated in programming. Even if those representations are entirely accurate,[1] that, alone, is

---

[1] The defense presented no evidence to support those representations. Given Mr. O'Neill's track record of prevarication, the Court has reason to be skeptical. Nevertheless, for purposes of deciding this motion, the Court has assumed that his representations are accurate.

3

not sufficient to warrant a sentence reduction pursuant to Amendment 821. That said, as Defendant undoubtedly knows, due to the First Step Act, *see* 18 U.S.C. § 3624(b), participation in appropriate programming and clear conduct demonstrating good behavior in prison can result in increased good time credits that will translate into an earlier release from prison.

  IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Dkt. 91.

**SO ORDERED.**

Dated: October 1, 2024
    New York, New York

_____
VALERIE CAPRONI
United States District Judge